# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2018 CA 1425

## CROSSTEX ENERGY SERVICES, LP; CROSSTEX LIG, LLC; AND, CROSSTEX PROCESSING SERVICES, LLC

## VERSUS

## TEXAS BRINE COMPANY, LLC, ET AL.

Decision Rendered:__**APR 1 1 2022**__

* * * * * * * *

**On Appeal from the
23rd Judicial District Court
Assumption Parish, Louisiana
Docket Number 34,202**

**Honorable Thomas J. Kliebert, Jr., *Ad Hoc* Judge Presiding**

* * * * * * * * *

Martin A. Stern
Leigh Ann Schell
Raymond P. Ward
Alexandra Roselli
Jeffrey E. Richardson
New Orleans, Louisiana

Kathy Patrick, *pro hac vice*
Laura Kissel Cassidy, *pro hac vice*
Samuel W. Cruse, III, *pro hac vice*
Angus J. Dodson, *pro hac vice*
Caitlin Halpern, *pro hac vice*
Houston, Texas

Richard Hymel
Lafayette, Louisiana

Brad D. Brian
Bethany W. Kristovich
Grant Davis-Denny
Daniel B. Levin
Los Angeles, California

Christopher Friend
Meghan Smith
New Orleans, Louisiana

Attorneys for Appellant/Appellee/Defendant
Occidental Chemical Corporation

J. Hester, concurs.

Martin A. Stern
Leigh Ann Schell
Raymond P. Ward
Alexandra Roselli
New Orleans, Louisiana

Attorneys for Appellant/Appellee/Defendant
Oxy USA Inc.

Kathy Patrick, *pro hac vice*
Laura Kissel Cassidy, *pro hac vice*
Samuel W. Cruse, III, *pro hac vice*
Caitlin Halpern, *pro hac vice*
Houston, Texas

Martin A. Stern
Leigh Ann Schell
Raymond P. Ward
Alexandra Roselli
New Orleans, Louisiana

Attorneys for Appellant/Appellee/Defendant
Occidental Petroleum Corporation

Kathy Patrick, *pro hac vice*
Laura Kissel Cassidy, *pro hac vice*
Samuel W. Cruse, III, *pro hac vice*
Caitlin Halpern, *pro hac vice*
Houston, Texas

Roy C. Cheatwood
Kent A. Lambert
Tyler Weidlich
Adam B. Zuckerman
Matthew S. Chester
Colleen C. Jarrott
Matthew C. Juneau
Leopoldo J. Yanez
Lauren Brink Adams
Paul C. Thibodeaux
New Orleans, Louisiana

Attorneys for Appellant/Appellee/Defendant
Legacy Vulcan, LLC

James M. Garner
Leopold Z. Sher
Peter L. Hilbert, Jr.
Martha Curtis
Jeffrey D. Kessler
Christopher T. Chocheles
David A. Freedman
Melissa R. Harris
Laurie A. Dearman
Rebekka C. Veith
Darnell Bludworth
New Orleans, Louisiana

Attorneys for Appellant/Appellee/Defendant
Texas Brine Company, LLC

Robert Ryland Percy, III
Gonzales, Louisiana

Travis J. Turner
Gonzales, Louisiana
Dane S. Ciolino
Metairie, Louisiana

2

Royce I. Duplessis
New Orleans, Louisiana

James E. Kuhn
Ponchatoula, Louisiana

Leopold Z. Sher                        Attorneys for Appellee/Defendant
James M. Garner                        United Brine Services Company, LLC
Peter L. Hilbert, Jr.
Christopher T. Chocheles
Jeffrey D. Kessler
Darnell Bludworth
David A. Freedman
Melissa R. Harris
Laurie A. Dearman
New Orleans, Louisiana

Robert Ryland Percy, III
Gonzales, Louisiana

Royce I. Duplessis
New Orleans, Louisiana

James E. Kuhn
Ponchatoula, Louisiana

Travis J. Turner
Gonzales, Louisiana

Dane S. Ciolino
Metairie, Louisiana

Shawn Carter                           Counsel for Appellees/Defendants
Matthew Randazzo, III                  Browning Oil Company, Colorado Crude
Christopher Bailey                     Company, LORCA Corporation
Will Montz
Lafayette, Louisiana

Joseph L. Shea, Jr.                    Counsel for Appellee/Defendant
Katherine Smith Baker                  Reliance Petroleum Corporation
Ashley G. Gable
Joshua S. Chevallier
Shreveport, Louisiana

Frank H. Spruiell, Jr.                 Counsel for Appellee/Defendant
Reid A. Jones                          Sol Kirschner
Seth M. Moyers
Anna W. O'Neal
Shreveport, Louisiana

**BEFORE: McDONALD, THERIOT, and HESTER, JJ.**

3

**McDONALD, J.**

Legacy Vulcan, LLC f/k/a Legacy Vulcan Corp. and/or Vulcan Materials Company (Legacy Vulcan), Occidental Chemical Corporation (Oxy), Occidental Petroleum Corporation (Oxy Petro), OXY USA Inc. (Oxy USA), and Texas Brine Company, LLC (Texas Brine) appeal a judgment determining causation, liability, and apportionment of fault for the formation of a sinkhole and the damage it caused in Assumption Parish, Louisiana. United Brine Services Company, LLC (UBS) filed an answer in response to the appeals filed by Legacy Vulcan, Oxy, Oxy Petro, and Oxy USA. For the following reasons, we reverse in part, amend in part, and affirm in part. We deny UBS's answer to the appeals.

## FACTS AND PROCEDURAL HISTORY

This appeal relates to one of several lawsuits arising from the August 3, 2012 sinkhole that developed near Bayou Corne in Assumption Parish, Louisiana. The plaintiffs in this suit, Crosstex Energy Services, LP, Crosstex LIG, LLC, and Crosstex Processing Services, LLC, (collectively Crosstex) operated a natural gas pipeline and storage facility in the vicinity of the property affected by the sinkhole. In its original petition for damages, Crosstex sought to recover damages for its unusable pipeline and storage facility from Texas Brine, due to the alleged negligence of Texas Brine's operation of the Oxy Geismar No. 3 Well (OG3), which collapsed and created the sinkhole.

Two additional suits were filed against Texas Brine by affected pipeline companies, namely *Pontchartrain Natural Gas System v. Texas Brine Company, LLC,* 23rd Judicial District Court, docket no: 34,265 and *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 23rd Judicial District Court, docket no: 34,316. Although the claims asserted in these three pipeline cases are similar, the parties resisted consolidation, except for purposes of trial.[1] The district court held the liability trial for the three pipeline cases in the fall of 2017 for the purpose of

---

[1] Appeals were filed in each matter following the liability trial: *Pontchartrain,* 18-1249 (La. App. 1 Cir. 12/30/20), 317 So.3d 715; *Florida Gas,* 18-1391 (La. App. 1 Cir. 5/3/21), 324 So.3d 1090, and the instant *Crosstex* appeal under our docket under 2018 CA 1425.

4

determining what caused the sinkhole and which parties, if any, were at fault under any theory of law. All other issues were reserved for subsequent trials.

The district court signed a judgment pertaining to liability on December 21, 2017, finding Oxy, Texas Brine, and Legacy Vulcan liable for the formation of the sinkhole. The district court apportioned fault as follows: 50% to Oxy, 35% to Texas Brine, and 15% to Legacy Vulcan. In its written reasons, the district court concluded that the sinkhole was caused, in various degrees, by three factors: (1) the cavern's proximity to the edge of the salt dome resulting in an unreasonably thin cavern wall and an eventual brine leak; (2) the substantial depressurization of the OG3 cavern caused by brine leaking from the cavern into the AH-1 reservoir (associated with a neighboring oil and gas well); and (3) the timing of the plugging and abandoning of the OG3.

Several parties then filed motions for new trial, primarily challenging the apportionment of fault and the language of the judgment. After a contradictory hearing on the motions and taking the matter under advisement, the district court granted the motions in part and denied them in part. In a judgment signed on April 18, 2018, the district court reapportioned fault as follows: 40% to Oxy, 5% to Oxy Petro, 5% to OXY USA, 25% to Texas Brine, 10% to UBS, and 15% to Legacy Vulcan. From this judgment, Legacy Vulcan, Oxy, Oxy Petro, Oxy USA, and Texas Brine appeal. UBS answered the appeals filed by all but Texas Brine.

**Additional Issues in the Crosstex Appeal**

Unlike in *Pontchartrain* and *Florida Gas*, after the instant appeal was lodged, the Louisiana Supreme Court ordered Texas Brine and Oxy to participate in a separate trial regarding Texas Brine's fraud claims against Oxy, which had been dismissed via summary judgment prior to the liability trial. *Crosstex Energy Services, LP v. Texas Brine Company, LLC,* 18-1128 (La. 10/29/18), 255 So.3d 587 (per curiam). Because of the procedural posture of the case at the time Texas Brine sought to set a date for the fraud trial, a panel of this court found that the district court had been divested of jurisdiction over liability issues, which included fraud claims, by virtue of the order of appeal entered by the district court. Accordingly,

5

this court vacated the order setting the trial on the fraud claims until this appeal was final. *Crosstex Energy Services, LP v. Texas Brine Company, LLC*, 19-0089 (La. App. 1 Cir. 6/13/19), 2019 WL 2487494 (unpublished). The Louisiana Supreme Court once again granted writs in part as follows:

> Granted in part. Considering our order in *Crosstex Energy Services, LP v. Texas Brine, Co., LLC*, 2018-1128 (La. 10/29/18), 255 So.3d 587, the judgment of the court of appeal is vacated insofar as it finds the district court is divested of jurisdiction to consider Texas Brine's fraud-based claims in the *Crosstex* matter. We hereby grant a limited remand of the *Crosstex* appeal in order to permit the district court to conduct the trial, as scheduled, of Texas Brine's fraud-based claims in the *Crosstex* matter only. In all other respects, the writs are denied.

*Florida Gas Transmission Company v. Texas Brine Company, LLC*, 19-0978 (La. 6/18/19), 275 So.3d 266 (per curiam).

It is undisputed that after the above Supreme Court actions, the district court conducted a fraud trial in the summer of 2019, and that trial remains unconcluded as the parties have spent over two years in a post-trial discovery debacle.

Although Texas Brine asserts that this post-liability trial activity affects this appeal immensely, we disagree. As this court has noted previously, the Louisiana Supreme Court made no mention regarding the arbitrability of claims in either per curiam opinion, nor did it order a stay of the appeal of the liability trial judgment pending the fraud trial, or otherwise divest this court's jurisdiction from acting on the liability trial appeal. Rather, it is this court's view that the second per curiam opinion split the issue of fraud from the appeal of the liability trial judgment in order for the district court to complete a separate and distinct trial on the fraud claims, while jurisdiction regarding the liability trial judgment remained with this court. Accordingly, we deny Texas Brine's exception of res judicata regarding the arbitrability of tort claims; Texas Brine and UBS's motions to stay this appeal pending the outcome of the fraud trial; Oxy, Oxy Petro, and Oxy USA's motion to set a deadline to file an opposition to Texas Brine's motion to stay; and, Texas Brine's motion to remand this appeal due to the fraud trial.

6

## ANALYSIS

Another panel of this court decided a nearly identical appeal in *Pontchartrain Natural Gas System v. Texas Brine Company, LLC,* 18-1249 (La. App. 1 Cir. 12/30/20), 317 So.3d 715, *writs denied,* 21-00382, 21-00386 (La. 6/8/21), 317 So.3d 323. Although that case involved different plaintiffs, the same April 2018 liability judgment, evidence, assignments of error, and factual and legal considerations at issue here were at issue in *Pontchartrain.* This court thoroughly discussed the procedural history of the case, the evidence presented at trial, and analyzed the applicable legal principles - all of which we adopt by reference here. *Id.* The *Pontchartrain* court affirmed the district court's conclusion that the sinkhole was caused by a combination of the closeness of the cavern to the edge of the salt dome, which resulted in an unreasonably thin cavern wall and eventual brine leak, and the plugging and abandoning of the OG3. *Id.* at 749-50. However, this court concluded that the district court manifestly erred by finding that the presence of the AH-1 reservoir was a cause-in-fact of the collapse of the OG3 cavern. *Id.* at 748. Finally, this court determined that the milling procedure and pressurization of the OG3 in 2010, performed in anticipation of a mechanical integrity test (MIT), exacerbated any damage or leak already present within the cavern. *Id.* at 757-58.

The only basis to allocate fault to Oxy Petro and Oxy USA was their relationship to the AH-1 well and reservoir. *Id.* at 748-49, 760. Similarly, a portion of fault allocated to Oxy also stemmed from the AH-1. *Id.* at 760. Upon finding the AH-1 reservoir was not a causative factor, the *Pontchartrain* court concluded that Oxy Petro and Oxy USA were not liable and that Oxy's percentage of fault should be reduced. *Id.*

The *Pontchartrain* court gave in depth consideration to the remaining parties' duties and their relationships with each other and the OG3, all of which we adopt by reference here. After its analysis, the *Pontchartrain* court affirmed the district court's remaining duty/breach determinations but also concluded that the district court manifestly erred to the extent it failed to find that Texas Brine breached its duty to act as a prudent operator when it milled and pressurized the OG3. *Id.* at 759. The

7

*Pontchartrain* court then reversed and amended the April 2018 judgment to reallocate fault, reducing Oxy's fault to 30% and increasing Texas Brine's fault to 45%. *Id.* at 762, 763. The *Pontchartrain* court also affirmed the district court's allocation of 15% fault to Legacy Vulcan. *Id.* at 761. Finally, because UBS's answer, wherein it sought a modification of the judgment, was untimely, the *Pontchartrain* court affirmed the judgment against UBS without discussion of the merits of the arguments raised in the answer. *Id.* at 759.

Thereafter, in *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-1391 (La. App. 1 Cir. 5/3/21), 324 So.3d 1090, *writs denied,* 21-00770, 21-00773 (La. 10/19/21), 326 So.3d 255, 260, while considering a nearly identical appeal, this court adopted the aforementioned *Pontchartrain* decision, and thoroughly reviewed the merits of UBS's answer which was found to be timely. *Id.* at 1094. After careful consideration, the *Florida Gas* court found that the record supported the conclusion that UBS was at fault for causing the sinkhole and affirmed the allocation of 10% fault for its actions. *Id.* at 1097.

Due to the indistinguishable nature of the appeals taken in the present matter, *Pontchartrain,* and *Florida Gas,* we adopt the *Pontchartrain* and *Florida Gas* courts' factual findings, legal conclusions and holdings concerning arbitration, causation, duty, and breach, as well as the liability determinations and fault allocations as to Legacy Vulcan, Oxy, Oxy Petro, Oxy USA, Texas Brine and UBS.[2] *See Pontchartrain Natural Gas System v. Texas Brine Company, LLC,* 18-0001 (La. App. 1 Cir. 6/4/18), 253 So.3d 156, 156, *writ denied,* 18-1124 (La. 9/28/18), 253 So.3d 147 (recognizing that, where a subsequent appeal involves the same background, issues, and assignments of error that this court has already thoroughly discussed, we are bound by the "law of the circuit doctrine" to follow the prior opinion.)

Therefore, we find the district court was manifestly erroneous in its fault allocation to Oxy, Oxy Petro, Oxy USA, and Texas Brine. We reallocate fault such that Oxy shall bear 30% fault, Texas Brine shall bear 45% fault, and Oxy USA and

---

[2] We likewise adopt the *Pontchartrain* court's conclusion that the district court was not manifestly erroneous in declining to allocate fault to Dr. Joseph Ratigan, a geological engineer who frequently provided opinions and analysis concerning the OG3. *Pontchartrain,* 317 So.3d at 763, n.34.

8

Oxy Petro shall bear no fault. Finally, we find no error in the district court's allocation of 15% fault to Legacy Vulcan and 10% fault to UBS.[3]

We further dispose of all pending motions and exceptions filed with this court by adopting the rulings made in *Pontchartrain,* 317 So.3d 715, and *Florida Gas,* 324 So.3d 1090, as the motions and exceptions filed in this appeal are materially indistinguishable from those considered in those appeals.[4]

## CONCLUSION

For the reasons fully set forth in this opinion, in *Pontchartrain,* 317 So.3d 715, and in *Florida Gas,* 324 So.3d 1090, we reverse in part, amend in part, and affirm in part the district court's April 18, 2018 judgment. We reverse that portion of the judgment allocating 5% fault to Occidental Petroleum Corporation. We reverse that portion of the judgment allocating 5% fault to Oxy USA Inc.

We amend that portion of the judgment that allocated 40% fault to Occidental Chemical Corporation to reflect the allocation of 30% fault to Occidental Chemical Corporation. We further amend that portion of the judgment that allocated 25% fault to Texas Brine Company, LLC to reflect the allocation of 45% fault to Texas Brine Company, LLC.

We affirm the remainder of the district court's judgment, allocating 15% fault to Legacy Vulcan, LLC f/k/a Legacy Vulcan Corp. and/or Vulcan Materials Company

---

[3] We therefore deny as moot, Oxy, Oxy Petro and Oxy USA's exception of res judicata regarding UBS's answer; Oxy's exception of res judicata regarding the issue of arbitration; Legacy Vulcan's exception of res judicata, Legacy Vulcan's motion to supplement the appellate record in connection with its exception of res judicata, and Legacy Vulcan's motion to set deadline to file opposition to its exception of res judicata.

[4] Specifically, we adopt the disposition set forth in *Florida Gas,* 324 So.3d at 1098, n.7, denying, as moot, Texas Brine's February 12, 2021 and March 22, 2021 motions to strike the letters filed by the three Oxy entities pursuant to Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.6.1.

We further adopt the dispositions set forth in *Pontchartrain,* 317 So.3d 715, denying the following:
(1) Oxy, Oxy Petro, Oxy USA, and Legacy Vulcan's motion to consolidate the three liability appeals appearing in docket numbers 2018 CA 1249, 2018 CA 1391 and 2018 CA 1425. *Id.* at 724, n.3.
(2) Oxy, Oxy Petro, and Oxy USA's motion to consolidate the Phase I liability appeals. *Id.*
(3) Texas Brine's motion to strike Oxy's response to per curiam. *Id.* at 744, n.28.
(4) Texas Brine's motion to stay Phase I appeal considering supplemental production of documents by Legacy Vulcan. *Id.* at 763, n.35.
(5) Texas Brine's motion for limited remand regarding reallocation of fault due to newly produced documents by Legacy Vulcan. *Id.*

We likewise adopt the disposition in *Pontchartrain,* 317 So.3d at 763, n.35, granting Oxy's motion to supplement illustrations for its original brief.

and 10% fault to United Brine Services Company, LLC.  We deny United Brine Services Company, LLC's answer to the appeals.

We issue this memorandum opinion in accordance with Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.1B.  Each party shall bear its own costs on appeal.

**REVERSED IN PART; AMENDED IN PART; AFFIRMED IN PART; ANSWER TO APPEALS DENIED.**